NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAKUB LAGUDA,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF RAHYWAY, et al.,<br><br>                  Defendants. | Civil Action No.: 15-3299 (JLL) (JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of the partial Motion to Dismiss filed by John J. Hoffman, Acting Attorney General of New Jersey, by Ashley L. Costello, Deputy Attorney General, on behalf of Defendant, New Jersey Transit Police Officer Daniel Jackman. (ECF No. 26.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the partial Motion to Dismiss and dismisses Count Two without prejudice.

**FACTUAL BACKGROUND**[1]

Plaintiff Yakub Laguda alleges that on or about November 9, 2014, he was a passenger on New Jersey Transit Train No. 7264, after having boarded the train at the Rahway, New Jersey train station ("Rahway Station") at around 9 P.M. (ECF No. 8 ("AC") ¶¶ 20, 21.) Plaintiff alleges that the train car he was seated in was approximately 70% full and included "numerous passengers of

---

[1] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007).

all ages and races" and that he was seated across from "another Black male aged 25-35 with a child." (*Id.* ¶¶ 22, 23.)

Plaintiff alleges that less than two minutes after the train departed Rahway Station, the train stopped moving and then, after a short delay, began to reverse its direction to Rahway Station. (*Id.* ¶ 25.) After the train arrived back in Rahway Station, Plaintiff noticed three Police Officers—later identified as allegedly P.O. Seiden, P.O. Webb, and P.O. Jackman—enter the train two cars ahead of Plaintiff. (*Id.* ¶ 26.) Plaintiff states that two of the Police Officers walked past his seat while the other stopped by the entrance door to the train car where Plaintiff was seated. (*Id.* ¶ 27.) The two Police Officers then came back to Plaintiff's seat and began to question Plaintiff about his destination. (*Id.* ¶ 28.)

The two Police Officers asked Plaintiff to exit the train and Plaintiff complied. (*Id.* ¶¶ 29, 30.) Plaintiff states that he then used his smartphone to record audio. (*Id.* ¶ 31.) Plaintiff alleges that he heard either P.O. Seiden or P.O. Webb say that "there was an anonymous caller alleging a drug deal took place" and that he heard either P.O. Seiden or P.O. Webb say to the other officers that Plaintiff "does not fit the description." (*Id.* ¶¶ 33, 34.) Plaintiff further alleges that he "heard either P.O. Jackman say 'someone identified you as being involved in a drug transaction.'" (*Id.* ¶ 35.) Plaintiff alleges that he was searched by the Police Officers but that they found no drugs or any other illegal substances on Plaintiff. (*Id.* ¶¶ 36, 37.) Plaintiff alleges that we was released after being detained for a "significant" period of time. (*Id.* ¶ 40.)

The Amended Complaint alleges two causes of action under 42 U.S.C. § 1983: false arrest (*id.* ¶¶ 41-54) and racial profiling and selective enforcement (*id.* ¶¶ 55-59.)

2

## **PROCEDURAL HISTORY**

Plaintiff commenced this action on May 12, 2015, alleging eight causes of action against Defendants City of Rahway, City of Rahway Police Department, P.O. Eseden, P.O. Webb, P.O. Jackman, and John Does 1-3. (ECF No. 1.) On or about September 17, 2015, counsel for the City of Rahway informed Plaintiff that P.O. Jackman was an employee of New Jersey Transit Police, rather than the City of Rahway Police Department. (*See* ECF No. 8-2, Letter.)

On October 1, 2015, the Court entered a Notice of Call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of the Summons and Complaint, and set dismissal date of October 19, 2015. (ECF No. 6.)

On October 19, 2015, Plaintiff filed a two-count Amended Complaint against P.O. Seiden, P.O. Webb, and P.O. Jackman "solely in their individual capacities." (ECF No. 8 ("AC"); ECF No. 29 ("Opp. Br.") at 2.)

On October 23, 2015, Plaintiff filed proof of service in which it is alleged that P.O Jackman was personally served with the Summons and Amended Complaint on the same date, but the proof or service also indicates that copies of the Summons and Amended Complaint were left with "Dave Hurril, Managing Agent" at New Jersey Transit Headquarters, located at 1 Penn Plaza Newark, New Jersey. (ECF No. 13.) Plaintiff has not submitted proof of service of the original Complaint and Summons upon Officer Jackman. Via letter dated November 18, 2015, P.O. Jackman advised the Court of the service issues and his intention of filing a motion to dismiss. (ECF No. 19.)

On January 14, 2016, the parties appeared for a status conference before United States Magistrate Judge Joseph A. Dickson. Pursuant to Judge Dickson's instructions, P.O. Jackman

filed the instant partial Motion to Dismiss Plaintiff's Amended Complaint on January 29, 2016. (*See* ECF No. 26-1 ("Mov. Br.").) Plaintiff filed opposition on February 24, 2016 (Opp. Br.) and P.O. Jackman replied on March 2, 2016 (ECF No. 32 ("Reply Br.")).

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."

4

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

The Court's role is not to determine whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). The Court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## ANALYSIS[2]

The issue before the Court is whether Plaintiff has sufficiently stated a claim of "racial profiling and selective enforcement" under 42 U.S.C. § 1983 in Count 2 of the Amended Complaint. P.O. Jackson argues that the Amended Complaint does not contain any factual allegations to support the claim. (Mov. Br. at 5-7; Reply Br. at 2-11.) Plaintiff contends that the Amended Complaint adequately adheres to Rule 8's notice requirements and that he should be afforded the opportunity to gather evidence on the racial profiling claim. (Opp. Br. at 5-8.)

Section 1983 creates liability for anyone who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Fourteenth Amendment to the U.S Constitution provides, in pertinent part

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the

---

[2] As an initial matter the Court notes that P.O. Jackman moved to dismiss the Amended Complaint to the extent it sought relief against P.O. Jackman in his "official capacity." (Mov. Br. at 8-12.) Because Plaintiff has made clear that the Amended Complaint does not allege any cause of action against P.O. Jackman in his official capacity (Opp. Br. at 2, 8), the Court denies this portion of the motion to dismiss as moot.

equal protection of the laws.

U.S. Const. amend. XIV § 1. "Selective enforcement of the law based on race is prohibited by the Equal Protection Clause of the Fourteenth Amendment." *Hilton v. Whitman*, No. 04-6420, 2008 WL 5272190, at *5 (D.N.J. Dec. 16, 2008) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)).

"To make an equal protection claim in the profiling context, [a plaintiff is] required to prove that the actions of [defendants] (1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002) (citations omitted). With respect to the first prong, "[t]o prove discriminatory effect, [plaintiff must] show that she is a member of a protected class and that she was treated differently from similarly situated individuals in an unprotected class." *Id.* "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). "Discriminatory effect may be proven by naming similarly situated members of an unprotected class who were not selected for the same search or, in some cases, by submitting statistical evidence of bias." *Id.* (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 636 (7th Cir. 2001)). With respect to the second prong, discriminatory purpose "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (internal citation omitted). "Proof of discriminatory intent must necessarily usually rely on objective factors" and the "inquiry is practical." *Id.* at 279 n.24.

The Court agrees with P.O. Jackman that the Amended Complaint, as drafted, fails to state a claim to relief for racial profiling because Plaintiff has failed to identify similarly situated individuals. "Mere harassment based on protected-class status without identification of similarly situated individuals outside the class will not support an equal protection violation." *D'Altilio v. Dover Twp.*, No. 06-1931, 2007 WL 2845073, at *8 (M.D. Pa. Sept. 26, 2007); *see Hudson v. Coxon*, 149 F. App'x 118, 121 (3d Cir.2005) (upholding dismissal of equal protection claims for failure to allege differential treatment of others similarly situated).

In his opposition brief, Plaintiff makes clear that he is alleging discriminatory effect on grounds "that only African-Americans were suspected of criminal behavior and investigated[.]" (Opp. Br. at 6.) The limited factual allegations in the Amended Complaint do not plausibly give rise to an entitlement to relief under such a theory. For example, the Amended Complaint alleges only that: the train car in which Plaintiff was seated was "approximately 70% full along with numerous passengers of all ages and races"; Plaintiff was seated directly across from "another Black male aged 25-35 with a child"; two of the police officers "walked past his seat while the other stopped by the entrance door to the train car where Plaintiff was sitting"; the two officers "then came back to the Plaintiff's seat and began to question Plaintiff about his destination"; the police officers asked Plaintiff to disembark; one of the police officers allegedly stated that Plaintiff did not "fit the description" of the alleged drug dealer whom the police were investigating. (Am. Compl. ¶¶ 22, 23, 27-29, 33-35.)

Plaintiff fails to allege in the Amended Complaint the existence of similarly situated individuals and how they were treated differently. The general reference to other people of different races in the train car and the mere identification of "another Black male aged 25-35 with

a child" is not sufficient. *See Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (holding that "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not survive dismissal because they "[do] not provide the defendants with the notice required to frame a responsive pleading"). The generalized reference to people of different races does not demonstrate that anyone else was similarly situated—it does not follow that anyone else on the train was "alike in all relevant aspects" merely because they were of different race. With respect to the "another Black male aged 25-35 with a child," Plaintiff does not allege that he was similarly situated,[3] and the Amended Complaint does not allege that this person was questioned.[4] Thus, as drafted, the Amended Complaint as drafted fails to adequately allege similarly situated individuals. In short, the Court cannot reasonably infer from the facts actually alleged in the Amended Complaint that Plaintiff was treated differently from similarly situated individuals in an unprotected class.

---

[3] Indeed, Plaintiff argues "that a Black man with a child does not fit the stereotypical black man that Defendant sought to detain." (Opp. Br. at 7.)

[4] In his opposition brief, Plaintiff alleges that the police officers also questioned this individual, and that "further discovery could actually indicate that this Black man with his child was interrogated by the police and detained." (Opp. Br. at 6.) The Court notes that the Amended Complaint does not allege that this individual was questioned by police, and the Court notes that it is "axiomatic" that a plaintiff may not amend his or her complaint by way of a brief in opposition to a motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

## **CONCLUSION**

For the reasons above, the Court grants the partial Motion to Dismiss and dismisses Count Two of the Amended Complaint without prejudice. Plaintiff shall have until Thursday, April 7, 2016 days to amend Count Two to address the deficiencies identified above. Failure to amend Count Two by Thursday, April 7, 2016 shall result in a dismissal of Count Two *with* prejudice. An appropriate Order accompanies this Opinion.

DATED: March 14th, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE